## No. 13,827.

MOFFAT COAL COMPANY ET AL. *v.* COMETA ET AL.

(51 P. [2d] 593)

Decided November 12, 1935.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. SAMUEL D. MENIN, Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

574

PLAINTIFFS in error are hereinafter referred to as the Coal Company and the Insurance Company, and defendants in error as Cometa and the commission, respectively.

This is a workmen's compensation case. The Insurance Company carried the industrial insurance of the Coal Company whose employee Cometa was. He was injured in an accident arising out of and in the course of that employment and was awarded fifteen per cent permanent partial disability. Later the case was reopened by the commission on its own motion and this disability raised to twenty per cent. These awards were accepted and have been paid in full. Again the commission reopened the case, took additional testimony, and, on the ground of changed conditions, increased the allowance to twenty-five per cent. The legality of this increase is the question presented here. The commission having denied a review thereof, the Coal Company and the Insurance Company brought this action in the district court. There the award was affirmed. To review that judgment this writ is prosecuted and the following errors assigned: "1. The Court erred in rendering judgment in favor of the defendants and against the plaintiffs. 2. The Court erred in not rendering judgment for the plaintiffs and against the defendants. 3. The Court erred in rendering judgment affirming the award of the Industrial Commission of Colorado. 4. The Court erred in not rendering judgment vacating the award of the Industrial Commission of Colorado." All these amount to is the simple general statement, worded in four different ways, that the judgment was wrong.

These assignments do not even hint at the questions to be presented under them. Our rule 32 requires that "Each error shall be separately alleged and particularly specified," and we have repeatedly held that these general assignments are no compliance therewith and will not be noticed. *Ohio Casualty Co. v. Colo. Portland Cement Co.*, 97 Colo. 541, 51 P. (2d) 591. The

rule and authorities apply in workmen's compensation cases as in others. They are reviewed here "by writ of error as provided by law." C. L. 1921, §4482.

Two questions are in fact argued under these assignments: (1) That the evidence does not support the findings; and (2) that the findings do not support the award. It will be observed that the assignments have just as much relation to a claim of fraud as to these.

We find ourselves unable to agree with counsel's contention that this is not a case of conflicting evidence. We believe it to be such.

The second contention is based upon the omission from the award of the words "due to the accidental injury." Having reached the conclusion that there is evidence to support the findings we are forced to the further conclusion that it sufficiently appears, from other language used by the commission, that the changed condition was found due to the accidental injury.

The judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.