## No. 13,545.

GIBSON ET AL. *v.* NEIKIRK ET AL.
(56 P. [2d] 487)

Decided March 16, 1936. Rehearing denied April 6, 1936.

Mr. Jo A. FOWLER, Mr. RALPH L. CARR, for appellants.

Mr. GLENN S. THOMPSON, Mr. WALTER L. GRUTTER, for appellees.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

WE have before us a statutory appeal from a judgment entered by the district court of Yuma county in proceedings had at the instance of the appellees under the statute governing the establishment of disputed boundaries, S. L. '07, page 286 (chapter 24, Code 1921, which is found in C. L. '21 at page 158).

The complaint alleged that certain corners and boundaries of the lands of appellees and appellants in township 4 south, range 47 west of the 6th P. M., in Yuma county, were lost, destroyed, or in dispute.

A summons was issued and eventually served upon all

the appellants. By amendments, all unknown persons having any interest were made parties. Service was also had by publication.

One Glenn S. White, a disinterested surveyor and civil engineer, was appointed as a "commission" (hereinafter referred to as the commissioner) to locate the corners and boundaries.

Numerous objections were made by the appellants as to the procedure and—on the merits—both as to facts and as to the law. The various contentions will be discussed under the following headings: 1. Jurisdiction of the subject matter. 2. Jurisdiction of the person. 3. Method and time of appointing the commissioner. 4. Absence of instructions to the commissioner. 5. Alleged errors and omissions in the commissioner's methods. 6. Report of the commissioner. 7. Decree of the court.

Before entering upon our discussion we shall mention certain dates to furnish the background upon which the procedure was projected.

The complaint was filed May 19, 1932. On June 20 the summons was received by the sheriff for service on the defendants. On or before July 25 personal service of the summons had been made upon all the appellants except two. The alias summons was duly published during July and the early part of August. Copies of the alias summons were duly mailed on July 13 to the two appellants not theretofore personally served. The commissioner had been appointed on July 2 and took the oath of office nine days later. It was October when the commissioner entered upon his practical work of reestablishing boundary lines, more than half a month being devoted thereto. He filed his report November 18, 1932.

1. Jurisdiction of the subject matter. Unless a special exception exists, the commencement of the statutory proceedings conferred the initial jurisdiction so that under a well-known rule any error thereafter committed would merely raise a question as to whether there was prejudicial irregularity. There would not then be a

lack of jurisdiction over the subject matter. Appellants contend, however, that the commissioner was prematurely appointed and that therefore the proceedings are outside the jurisdiction of the court. Of this we shall speak under the next heading.

2. Jurisdiction of the person. The fact that the appellants have brought their appeal to this court disposes of the objections in this connection, for they have thereby entered a general appearance. The main objection here is that such service was legally insufficient because the commissioner was appointed before the time for pleading had expired and, in two instances, before summons was served. Here again the contention must be overruled, since there is not the slightest evidence that the appellants were deprived of any rights, whether of pleading or otherwise. It is clear that they were not prejudiced.

3. Method and time of appointing the commissioner. No prejudice appears by the record to have resulted from either, hence objections on this point must also fall, any irregularities that occurred being apparently harmless.

4. Absence of instructions to the commissioner. It is not shown that the commissioner did not proceed in the same way that the court might lawfully have instructed him to do. No instructions were requested to be given. In these respects, too, no prejudice to the appellants is revealed and the objection must be overruled.

5. Alleged errors and omissions in the commissioner's methods. These methods seem to have been those ordinarily adopted by surveyors. Moreover, a notice was sent out by the commissioner stating the time and place of beginning his work. Furthermore, his presence on the ground was evidently known to all the appellants, who could readily have communicated with him if they had desired so to do. No prejudice is shown and the objections cannot be sustained.

█ 6. Report of the commissioner. This report bears on its own face the evidence of painstaking care in the commissioner's performance of a difficult task. In view of the court's supplying both sides the opportunity of correcting possible mistakes or errors in the report, an opportunity availed of by participation in the hearing afterward held in open court, the objections to the report as such must be overruled. Of this, more below.

█ 7. Decree of the court. The trial court, in its desire to afford the appellants as well as the appellees every facility for eliciting the facts, conducted the aforesaid hearing after the commissioner's report was filed, permitted the appellants to raise the issue of over twenty consecutive years' recognition of, and acquiescence in, certain boundaries alleged to be the true ones, and received the evidence adduced by both sides. The finding of the court that certain of the boundaries had been so acquiesced in is reflected in the decree, thus modifying in favor of appellants the findings of the commissioner. If there was error here, it was probably against the appellees; or, at any rate, there is no indication of prejudice to the appellants. The objections to the decree must therefore likewise fail.

█ Certain objections are based upon the alleged fact that other lands necessarily involved were not included in the proceedings, and the alleged fact that the owners of such lands were not made parties. Such owners, if there are any, do not complain and so our ruling must be against the objections.

█ One assignment of error is this: "The court erred in receiving certain testimony tendered by plaintiffs over objection of the defendants." Rule 32 of this court requires an error to be "separately alleged and particularly specified," and prescribes the method of assigning error in rulings upon evidence. In the absence of such specification we cannot undertake to notice this assignment. A like absence of specification applies to a number of the objections overruled above.

394

The remaining errors alleged, though not discussed in this opinion, have been given due consideration.

We are convinced that substantial justice was done to the appellants throughout the proceedings.

For the foregoing reasons, the proceedings in the district court must be approved.

Judgment affirmed.

Mr. Justice Butler, who at the time of the oral argument was chief justice, and Mr. Justice Holland concur.