# No. 13,807.

## VILES *v.* SYMES ET AL.
(65 P. [2d] 1089)

Decided January 25, 1937.  Rehearing denied February 23, 1937.

Mr. EDMOND L. VILES, pro se.

MR. WILLIAM H. SCOFIELD, MR. PERCY A. ROBINSON, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

The parties appear here as in the trial court and reference will be made to them by name or as plaintiff and defendants. Plaintiff brought this action in the district court in the City and County of Denver to recover damages against the defendants for alleged malicious prosecution and false imprisonment. Neither here nor in the trial court was the plaintiff represented by an attorney.

Defendant L. B. Johnson was a resident of California and was served with summons in that state. He appeared specially and moved to quash the service of summons on the ground that the action was in personam and that service upon him in the state of California conferred on the district court no jurisdiction over his person. The court sustained this motion and we hold that in so doing its ruling was correct.

The other defendants named in the complaint were J. Foster Symes, judge of the United States District Court for the District of Colorado, Ralph L. Carr, United States district attorney for the District of Colorado at the time of the action of which complaint is made herein, Ivor O. Wingren, then and now assistant United States district attorney, Earle F. Wingren, former trustee in bankruptcy in the bankruptcy proceedings hereinafter referred to, Samuel J. Frazin and Harold F. Collins, practicing attorneys in the state of Colorado, and witnesses in the criminal trial to which reference is hereinafter made. These defendants moved for an order requiring the plaintiff to make his complaint more definite and certain. Upon argument the motion was granted and it was ordered by the court that plaintiff have ten days in which to furnish a bill of particulars. Within the ten days so allowed the plaintiff, without procuring any order of court that one Percy A. Robinson be made a defendant, procured the issuance of an alias summons

and caused the same to be served upon Robinson, a practicing attorney in the City and County of Denver, with a copy of an amended complaint, which the plaintiff filed in lieu of his original complaint, together with the bill of particulars which, under the court's order, he was given leave to file. Defendant Robinson, appearing specially, moved to quash the alias summons and service thereof on him on the ground that no order of court had been entered permitting him to be made a party defendant and that no showing of the necessity of making him such a party ever had been made to the court. The court sustained this motion and on the record as here presented we hold that the ruling was right.

Hereafter in this opinion it should be understood that reference to the term "defendants" includes all defendants other than L. B. Johnson and Percy A. Robinson.

In the disposition we make of this case no good purpose would be served by setting forth at length the various charges made in plaintiff's amended complaint, which, with the exhibits attached thereto, make up some 76 folios of the bill of exceptions. Suffice it to say, that serious charges are made against the defendants, who were public officials, as to their personal and official conduct and against the other defendants who were not public officials as to their conduct in a certain criminal proceeding in which they testified as witnesses. That proceeding was one in which plaintiff was indicted and tried in the federal district court for an alleged violation of the bankruptcy law by transferring certain assets of a bankrupt corporation of which he was at the time president and in control, to himself and his wife, fraudulently and feloniously, and in contemplation of bankruptcy. Defendant was found guilty by a jury but not sentenced, and as he charges, through a conspiracy between defendants, denied bail, placed on probation, without his applying for probation, sent twice to the psychopathic hospital for examination as to his sanity, his probation later revoked, and finally after the Circuit

Court of Appeals refused to review his case because there had been no final judgment by pronouncement of sentence, and while the case was pending on certiorari to the Federal Supreme Court, a pardon was secured for him from the President of the United States.

To the complaint as amended defendants directed a motion to require it to be made more specific and certain. The court sustained the motion and plaintiff filed a bill of particulars in which he attempted to point out wherein certain of the information called for was contained in the amended complaint; and in which he gave some part of the information required; but in which he failed to give a considerable amount of other information called for under the order. Defendants moved to strike the bill of particulars and for judgment against plaintiff for failure to comply with the court's rule. Both motions were sustained and a judgment of dismissal entered with costs against plaintiff. Plaintiff then orally moved the court for leave to file an amended complaint in a further attempt to comply with the court's order and such motion was denied.

The following appears in the record:

"The Court. I deny that privilege on the ground, that I am satisfied as the records stand he is not entitled to do that, and besides that he has pleaded everything he could plead, and say everything you will, the different officials would still be working in their official capacity, and it would so appear. The court denies that application. * * *

"The Court. All you can do is to reserve exceptions and objections to the rulings of the court, and then you have the legal right to take it to the Supreme Court if you wish to.

"Mr. Viles. All right, I would like to reserve that exception to each and all adverse rulings of the court.

"The Court. It is so ordered."

No assignment of error is made as to this matter.

In view of the fact that the plaintiff is a layman,

appeared without counsel, and clearly is not thoroughly familiar with legal procedure, we deem it advisable to apply rule 35 of this court which is as follows: "Counsel will be confined to a discussion of the errors stated, but the court may, in its discretion, notice any other error appearing of record."

All of the defendants were not public officials. It does not appear whether certain acts charged to those who were such officials were pursuant to orders entered or without such orders. Where charges contained in a complaint such as this are so serious as to elicit from defendants a statement that the pleading is a "studied attempt at scandal and vilification," it is desirable from the standpoint of both plaintiff and defendants that the facts upon which such charges are based be clearly and specifically set forth. In the exercise of a sound discretion we think the court, under the circumstances, should have given the plaintiff leave to again attempt to comply with its order as to matters clearly within his knowledge, as, for example, the fact as to whether he or his wife took goods from either of the two corporations adjudged bankrupt and as to matters clearly ascertainable by him, such as the existence or nonexistence of certain court orders, and their purport if existent. The court should have compelled plaintiff to set out such matters in the pleadings.

In making this holding we are not determining whether or not plaintiff's complaint states a cause of action against any of the defendants or whether, out of the situation existing, a cause of action can be stated against any of such defendants. That no cause of action can be stated against any of them does not follow from the facts disclosed by the complaint; therefore such question was not before the trial judge when he assumed to decide it, and it is not now before us. The court indicated that in his first view of the matter he was of the opinion that all of the facts should be set up so that if desired the question then could be determined on demurrer. We

think this would have been the proper procedure under the circumstances.

The judgment, in so far as it quashed the service of summons as to defendants L. B. Johnson and Percy A. Robinson is affirmed. In all other respects it is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE BOUCK dissents.

MR. JUSTICE BAKKE and MR. JUSTICE KNOUS not participating.

MR. JUSTICE BOUCK dissenting.

I find myself unable to agree with the majority opinion.

The action purports to be for malicious prosecution. The defendants are a United States district judge, a former United States district attorney, his assistant, and five other members of the Colorado bar, all in good standing.

The plaintiff in error was tried and convicted in the United States district court on a charge of violating the bankruptcy law of the United States.

A perusal of the record, including all the pleadings, together with a careful consideration of the briefs and arguments herein, convinces me that the trial court was right in striking the amended complaint from the files and entering judgment against the plaintiff in error.

1. The assignments of error required by our rule 32 are lacking. We therefore have no right to consider the alleged errors complained of. True, rule 35, which has stood in this court and in the territorial Supreme Court over sixty-four years, says: ''*   *   *   Counsel will be confined to a discussion of the errors stated, but the court may, in its discretion, notice any other error appearing of record.'' Surely this does not apply in a purely private controversy, so as to result in our granting to one private litigant special privileges which are denied to another. It would be different in a case publici

juris, and probably the discretion should be exercised in favor of a criminal defendant when a really prejudicial error has not been properly assigned. However, in numerous cases both civil and criminal we have refused to exercise this extraordinary power, and have insisted upon the clear and specific assignments provided for by rule 32,—sometimes even when human liberty or life itself was at stake. To cite only a few of this court's recent decisions: *Denver v. Schmid,* 98 Colo. 32, 56 P. (2d) 388; *Gibson v. Neikirk,* 98 Colo. 389, 56 P. (2d) 487; *Ohio Cas. Ins. Co. v. Colorado Co.,* 97 Colo. 541, 51 P. (2d) 591; *Moffat Coal Co. v. Cometa,* 97 Colo. 573, 51 P. (2d) 593; *Cunningham v. Snelling,* 91 Colo. 454, 15 P. (2d) 713. See also the many Colorado cases cited in the foregoing. When a layman acts as his own attorney, the general rule should not be relaxed, especially where, as here, there is strong intrinsic evidence that the plaintiff in error has had the continued advice and assistance of one or more skilled and experienced attorneys.

2. The amended complaint is palpably insufficient to state a cause of action in malicious prosecution. Reading into the pleading the things of which judicial notice is taken, we find here a complex and nebulous mass of evidentiary matters, legal conclusions, and mere opinions which is wholly inadequate. Statements about the duties of grand and petit juries, of receivers in bankruptcy, and of other public officers are distorted and contrary to common knowledge. The performance of ordinary functions by the official defendants are charged here as acts constituting malicious prosecution when the very allegations belie the charges, and stamp the acts complained of as within the lawful province of the public officers. This is true of the alleged rulings of the United States District Judge in admitting and excluding evidence, in passing upon the sufficiency of the indictment, in giving instructions to the jury, in granting and revoking probation or parole, in committing a defendant to a psychopathic hospital, and in refusing to set a defendant at large on

bail after conviction. The errors extend to the descrip-‘ tion and interpretation of the procedure in obtaining and issuing a pardon, and to the statements of the legal meaning and effect thereof. As against the presumptions of official regularity and official honesty, there should be no consciously liberal indulgence granted to a layman where exactly similar conduct by an attorney when acting for some other layman who is no more or less deserving than the plaintiff in error would bring upon such lay client the penalty properly visited by necessary rules of orderly procedure. We ought not to have one set of rules in one case and condone wholesale departure from all rules in another.

The record here shows an apparently flagrant failure to comply with a reasonable order requiring a more specific statement of matters attempted to be pleaded, including alleged perjury inadequately set forth. That failure came after a previous order for the same purpose had proved futile. The striking of the amended complaint from the files in such circumstances was well within the discretion of the trial court. If such a penalty were visited upon a layman represented by an attorney, it would not be questioned; there is no justice in withholding the same penalty here, where the trial court has deliberately reached the conclusion that the penalty should be imposed. The judicial ideal should be "equal and exact justice" for all.

I submit that the lower court, in finally striking from the files the amended complaint which the plaintiff had twice refused to amplify as ordered, did the only thing a trial court can do in such a case to enforce the self-respect of the tribunal and to do justice between litigants. It seems to me that the exercise of a sound discretion on the part of the court below is manifest from the record.

For the reasons stated I dissent.