## VILES v. SYMES et al.

### No. 2481.

Circuit Court of Appeals, Tenth Circuit.

Aug. 3, 1942.

Edmond L. Viles, pro se appellant.

William H. Scofield, of Denver, Colo., for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Two questions were decided by the trial court and are presented·here on appeal: (1) whether the court has jurisdiction of the subject matter as one arising under the Constitution and laws of the United States, cognizable in the courts of the United States, and (2) if Federal jurisdiction is present, is a "judgment as of nonsuit" by a Colorado court involving the same subject matter and parties res judicata? The trial court denied Federal jurisdiction, but ruled that the "judgment as of nonsuit" was res judicata, and the plaintiff has appealed. Of course, if the trial court lacked jurisdiction of the subject matter, it was unnecessary to consider the conclusiveness of the judgment of the Colorado court. We shall first consider the jurisdictional question.

The petition discloses that in 1931 the appellant, Edmond L. Viles, was indicted, tried, and convicted in the United States District Court of Colorado for violation of the national bankruptcy law, Section 29, sub. b(6), Bankruptcy Act of July 1, 1898, 11 U.S.C.A. § 52, sub. b(6). Before imposition of sentence, the appellant appealed to the Circuit Court of Appeals. The appeal was dismissed because judgment and sentence had not been entered. Thereafter appellant applied to the United States Supreme Court for a writ of certiorari; while this proceeding was pending, he was granted an executive pardon. Subsequently appellant brought suit in a Colorado court against J. Foster Symes as United States District Judge, Ralph L. Carr as United States District Attorney, Ivor O. Wingren as deputy United States Attorney, Earle F. Wingren as Trustee in Bankruptcy, Harold F. Collins, Samuel J. Frazin, and L. B. Johnson, attorneys at law, for malicious prosecution and false imprisonment. The complaint was dismissed on motion of the defendants (appellees here), and on appeal to the Supreme Court of Colorado, the case was reversed and remanded for trial. Viles v. Symes, 100·Colo. 50, 65 P.2d 1089. On the trial of the case in November, 1937, and at the close of the plaintiff's testimony, the Colorado court

sustained a motion for a nonsuit, and thereafter on February 17, 1940, the court entered "judgment of dismissal as of nonsuit." The appellant did not pursue his remedy further in the state court, but on February 15, 1940, instituted this suit in the United States District Court of Colorado against the same parties, alleging the same subject matter.

In his petition, the appellant asserts that the action arises under the First, Fifth and Sixth Amendments to the Constitution of the United States, and Revised Statutes § 1015, 18 U.S.C.A. § 596, relating to the allowance of bail. He also alleges that the amount involved, less interest and costs, exceeds $3,000.00, and prays for judgment in excess of the jurisdictional amount. He does not allege or rely upon diversity of citizenship.

The petition charges in substance that the defendants named entered into a conspiracy for the sole purpose of securing his indictment and conviction in the United States District Court of Colorado for violation of the Bankruptcy Act, and that such indictment and subsequent conviction, sentence, and imprisonment, were obtained by false testimony and with knowledge on the part of the appellees that the appellant was innocent of any offense whatsoever. It is also charged that after the return of the indictment, and on April 2, 1931, the appellant was arrested in San Francisco, California, and illegally imprisoned for twenty-four hours pending bail, which he was required to make at a cost of $200.00. That after his conviction in the court of defendant, Symes, prosecuted by the defendants Carr and Wingren, and upon the false testimony of the defendants Collins, Frazin and Johnson, he was by the defendant Symes committed to a psychopathic hospital at Denver, Colorado, without a sanity hearing, and deprived of his liberty without due process of law from December 29, 1932, until March 3, 1933. He prays for compensatory damages in the sum of $100,000.00, and exemplary damages in the sum of $100,000.00.

Beyond the bare allegation that the suit arises under the First, Fifth and Sixth Amendments of the Constitution, and 18 U.S.C.A. § 596, it is difficult to understand how, or in what manner, this suit arises under the Constitution or laws of the United States. Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), confers original jurisdiction on the district courts of the United States "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * *, or (b) is between citizens of different States * * *."

■ The question of when a suit arises under the Constitution and laws of the United States, cognizable in its courts, absent diversity of citizenship, has a well defined meaning in our jurisprudence. To confer jurisdiction on the Federal court under this statute (Section 24(1) Judicial Code), a right or immunity created by the Constitution, or the laws of the United States, must be an element, and an essential one, of the plaintiff's cause of action. And the right or immunity asserted must be such that it will be supported if the Constitution and laws of the United States are given one construction and effect, and defeated if they receive another. Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; Smith v. Kansas City Title and Trust Company, 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577; Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70; Gardner v. Schaffer, 8 Cir., 120 F.2d 840. It is said, "a suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends." Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205; Gully v. First National Bank, supra.

■ Clearly, the gravamen of the appellant's suit is one for malicious prosecution and false imprisonment. The cause of action which he attempts to assert arises from his alleged wrongful trial and conviction in a United States District Court, wherein the parties against whom he seeks judgment are, the judge of the court, the district attorney and his assistant who prosecuted him, the witnesses who testified on behalf of the government, and his subsequent imprisonment pursuant to processes issued out of that court under its authority while acting in a judicial capacity. His right to recover has its gene-

sis and is governed by the local law of the forum. True, his right to due process of law and to a speedy, fair and impartial trial, is protected by the Fifth and Sixth Amendments to the Constitution, but these rights as here asserted lurk in the background of his suit, and do not, in these circumstances, confer jurisdiction upon the courts of the United States. Thompson v. Standard Oil Co. of New Jersey, 67 F.2d 644; Mitchell v. Greenough, 9 Cir., 100 F.2d 184; Oney v. Oklahoma City, 10 Cir., 120 F. 2d 861. Appellant does not assert or claim the deprivation of any right or immunity under color of state law or statute which would bring him within the purview of the Civil Rights Act and excuse the otherwise requisite diversity of citizenship. 8 U.S.C.A. §§ 43-47 and 28 U.S.C.A. § 41(14). See Mitchell v. Greenough, supra; Oney v. Oklahoma City, supra; Gardner v. Schaffer, supra.

Appellant contends that Federal jurisdiction is sustainable under Section 33 of the Judicial Code, 28 U.S.C.A. § 76, which as amended by the Act of August 23, 1916, 39 Statutes 532, grants the privilege of removal to the appropriate federal courts of any civil or criminal suit commenced in any state court against any officer of the courts of the United States for or on account of any act done in performance of his duties as such officer. This is a civil suit commenced against officers of the courts of the United States for and on account of an act or acts done in performance of their duties as such officers, but no question of removal is presented since the suit was originally instituted in the Federal court, nor does this suit fall within the scope of original jurisdiction conferred upon the Federal courts by section 24 of the Judicial Code, 28 U.S.C.A. § 41, or under the Civil Rights Act, 8 U.S.C.A. § 43, R.S. 1979, 17 Statutes 13; 8 U.S.C.A. § 47, R.S. 1980, 17 Statutes 13.

The question, therefore, is whether the privilege of removal to the Federal court of a suit commenced in a state court confers original jurisdiction upon Federal courts when not otherwise granted. There is nothing in the original Act or the Amendment thereto which indicates a congressional purpose to enlarge the original jurisdiction elsewhere conferred upon the Federal courts. Gay v. Ruff, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970. The privilege of removal is granted to officers of the United States courts against whom redress is sought for acts done under color of their office and no right or privilege is granted to those seeking redress. We conclude, therefore, that original jurisdiction is not sustainable under the Act.

The appellant invokes 18 U.S.C.A. § 596, which grants the right to be admitted to bail upon all arrests in criminal cases not punishable by death. But he alleges not that he was denied bail, but that he was required to give bail to answer the charges which resulted in his conviction, but in either event, what we have said in reference to the application of the Constitution of the United States is apposite here in the consideration of the question of jurisdiction. Federal jurisdiction may not be conferred by the mere statement that the suit arises under this statute.

The appellant appears here, as he did in the trial court, in his own behalf; the petition and his brief are the work of a layman, and they have received our patient and careful consideration. We accord the pleadings the liberal consideration they deserve in the premises, yet, it is clear that this suit is not one arising under the Constitution and laws of the United States within the meaning and purpose of the jurisdictional prerequisites.

Having decided that the court is without jurisdiction of the subject matter, it is unnecessary and we do not express any opinion concerning the conclusiveness of the judgment of the state court. These matters involve a construction of a state law, and we leave the decision there.

The judgment is affirmed.