BULLOCK et al. v. UNITED STATES et al.
Civ. No. 9227.

District Court, D. New Jersey.
May 9, 1947.

Geltzeiler & Honigfeld, of Newark, N. J., for plaintiffs.

Charles A. Rooney, of Jersey City, N. J., for defendant Charter Coach Corp.

Edward V. Ryan, Asst. U. S. Atty., of Newark, N. J., for defendant United States.

SMITH, District Judge.

This is a civil action under the recent Federal Tort Claims Act, approved August 2, 1946, 28 U.S.C.A. § 921 et seq. The plaintiffs, citizens of New Jersey, have joined as defendants the United States and the Charter Coach Corporation, a corporation, of New Jersey. The action is before the court on the motion of the United States of America for a dismissal on the ground hereinafter discussed. The motion must be denied.

It is argued in support of the motion that an action against the United States under the said Act may not be joined with an action against an individual defendant. The argument is untenable. Englehardt v. United States, D. C., 69 F. Supp. 451. There is nothing in the Act to prohibit such a joinder and section 411 thereof, 28 U.S.C.A. § 932, properly construed, clearly permits it. Ibid.

Section 411 of the Act expressly provides: "In actions under this subchapter, * * *, the practice and procedure, shall be in accordance with the rules promulgated by the Supreme Court", the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. These rules permit both the joinder of claims and the joinder of proper parties. Rule 20(a) is particularly applicable. It is therein provided: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same * * *, occurrence, or series of * * * occurrences and if any question of law or

fact common to all of them will arise in the action."

Notwithstanding our decision on the said motion, the action against the Charter Coach Corporation must be dismissed because of the Court's lack of jurisdiction. The complaint alleges that the action is one arising under "a law regulating interstate and foreign commerce." This general allegation will not sustain the asserted jurisdiction in the court.

It clearly appears from the specific allegations of the complaint that this is the ordinary tort action in which the local law is determinative of both the rights of the plaintiffs and the liability of the defendant. The Motor Carrier Act of 1935, 49 U.S. C.A. § 301 et seq., Part II of the Interstate Commerce Act, upon which the plaintiffs predicate the jurisdictional allegation, vests no right of action in plaintiffs and imposes no liability upon the defendant, except the usual obligation to comply with its provisions and the regulations promulgated thereunder. This is, therefore, not an action arising under either a law of the United States or a law regulating commerce. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Hull v. Burr, 234 U.S. 712, 34 S.Ct. 892, 58 L.Ed. 1587; Shulthis v. McDougal, 225 U.S. 561, 32 S. Ct. 704, 56 L.Ed. 1205; Toledo, P. & W. R. R. v. Brotherhood of R. R. Trainmen, etc., 7 Cir., 132 F.2d 265; Viles v. Symes, 10 Cir., 129 F.2d 828; Gardner v. Schaffer, 8 Cir., 120 F.2d 840; Isaac Kubie Co. v. Lehigh Valley R. Co., D. C., 261 F. 806.

The jurisdiction of the Court is not challenged by the individual defendant, but it is the duty of the Court to enforce the jurisdictional requirements where, as here, the defect is apparent on the record. 28 U.S.C.A. § 80; Kvos, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Zicos v. Dickmann, 8 Cir., 98 F.2d 347; American United Life Ins. Co. v. Franklin, 8 Cir., 97 F.2d 76.

The third, fourth, fifth, and sixth counts of the complaint are dismissed.