## BENTLEY v. HALLIBURTON OIL WELL CEMENTING CO. et al.
### Civ. A. No. 4478.

United States District Court

S. D. Texas, Houston Division.

Oct. 20, 1948.

Helm & Jones, Albert P. Jones, and Leon Lusk, all of Houston, Tex., for plaintiff.

Fulbright, Crooker, Freeman & Bates, and Thad Grundy, all of Houston, Tex., for defendant Halliburton Oil Well Cementing Company.

KENNERLY, Chief Judge.

This is a hearing under District Court Rule 25 of Plaintiff's Motion to Remand this case to the State Court.

According to allegations contained in Plaintiff's Complaint, filed August 24, 1948, in a State Court, Plaintiff was on or about February 13, 1948, a passenger on a bus of the Defendant Houston Transit Company (for brevity called Transit Company), a corporation operating passenger buses in the City of Houston. That a truck of the Halliburton Oil Well Cementing Company (for brevity called Cementing Company) ran into such bus, injuring Plaintiff. In Paragraph III of his Complaint, Plaintiff alleges that Cementing Company was guilty of certain acts of negligence which proximately caused Plaintiff's injuries.[1] In Paragraph IV of his Complaint, Plaintiff alleges that Transit Company was guilty of certain acts of negligence which proximately caused Plaintiff's injuries.[2] In his Prayer, Plaintiff prays for judgment "jointly and severally" against both Defendants.[3]

---

[1] Paragraph III of such Complaint is as follows:—

"The collision made the basis of this suit was brought about by the negligence of the defendant, Halliburton Oil Well Cementing Company, acting by and through its truck driver, who was then and there acting in the course and scope of his employment, in some one or more of the following particulars:

"1. In operating his truck at a rate of speed in excess of that at which a person of ordinary care and prudence would have operated the same under the same or similar circumstances.

"2. In failing to maintain proper control of his truck.

"3. In failing to maintain a proper lookout as he was approaching the rear of the bus.

"4. In failing to make proper application of the brakes on his truck.

"5. In failing to bring his truck to a stop before it crashed into the rear of the bus.

"6. In failing to turn his truck to the left to avoid striking the bus.

"7. In failing to pass to the left of the bus, which he was overtaking and which was proceeding in the same direction.

"8. In failing to give any audible signal of his approach to the scene of the collision.

"9. In failing to discover the presence of the bus in front of him.

"10. In engaging in a race or speed contest with the driver of another truck.

"Each and all of the above and foregoing acts, both of omission and commission, constituted negligence and were each and all a proximate cause of the injuries and damages suffered by your plaintiff."

[2] Paragraph IV of such Complaint is as follows:—

"The collision made the basis of this suit was brought about by the negligence of the defendant, Houston Transit Company, acting by and through its bus driver, who was then and there acting in the course and scope of his employment in some one or more of the following particulars:

"1. In failing to maintain proper control of his bus.

"2. In failing to maintain a proper lookout.

"Each and all of the above and foregoing acts, both of omission and commission, constituted negligence and were each and all a proximate cause of the injuries and damages suffered by your plaintiff."

[3] The Prayer of such Complaint is as follows:—

"Wherefore, premises considered, your plaintiff prays that the defendants be cited in terms of the law to appear and answer herein and that upon final trial hereof he have judgment against the defendants, jointly and severally, for his damages in the reasonable and just sum of $10,000.00, that he recover his costs of court in this behalf expended, that he have interest on the judgment at the legal rate and that he have such other and further relief, general and special, at law and in equity, to which he may show himself justly entitled, and in duty bound will ever pray."

Alleging that Plaintiff is a citizen of Texas, that Cementing Company is a citizen of Delaware, and that Transit Company is a citizen of Texas, and that the matter in controversy exceeds $3000, exclusive of interest and costs, and proceeding under Sections 1441(a) and 1441(c) of Title 28 United States Code Annotated, effective September 1, 1948, Cementing Company has, in the manner provided in Section 1446 of such Title 28, removed the case into this Court. Plaintiff has, as stated, moved to remand to the State Court.

1:– Subdivision (a) and Subdivision (c) of such Article 1441 are as follows (italics mine) :–

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

"(c) Whenever a separate and independent *claim* or *cause of action,* which would be removable if sued upon alone, is joined with one or more otherwise non-removable *claims* or *causes of action,* the *entire case may be removed* and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It is perfectly plain that Plaintiff's Complaint as against Cementing Company presents a "separate and independent claim or cause of action" which would be removable into this Court if Cementing Company had alone been sued in the State Court. It is equally plain that Plaintiff's Complaint as against Transit Company presents "claims or causes of action" against Transit Company which would *not* be removable into this Court if Transit Company had alone been sued in the State Court. Since the claim or cause of action against Cementing Company is joined in the State Court with the claim or cause of action against Transit Company, the entire case may be removed here.

The Motion to Remand is denied. Let appropriate Order be drawn and presented.