Jacob J. Pincus, of Glen Cove, N. Y., for City of Glen Cove.

Sol L. Firstenberg, of New York City, for State Committee of the American Labor Party of the State of New York.

Marcus G. Christ, of Mineola, N. Y., for Nassau County.

Wilmurt B. Linker, of New York City, for Nassau-Suffolk Commuters Committee, Inc. and Babylon Commuters Assn.

A. Joseph Geist, of New York City, for Chamber of Commerce of the Rockaways.

**In re LONG ISLAND R. CO.**

**No. 47970.**

United States District Court
E. D. New York.

March 28, 1949.

KENNEDY, District Judge.

Four petitions of intervention have been filed in this proceeding and one informal application to intervene. Those who wish to intervene are respectively the County of Nassau, the City of Glen Cove, the Nassau-Suffolk Commuters Committee, Inc. (and Babylon Commuters Association), the State Committee of the American Labor Party, and the Chamber of Commerce of the Rockaways. The latter group stated in court its intention to file a petition, and subsequently sent a letter presenting a limited application.

I explained to counsel for the County of Nassau at the hearing that on its face his petition showed that the objects concerning which he wished to intervene were exclusively within the jurisdiction either of the Public Service Commission of the State of New York or the Interstate Commerce Commission. Counsel then replied that his petition was limited to intervention in the proceeding at the time any plan of reorganization is before the court for adoption. I then suggested, and counsel for the County of Nassau agreed, that all of the purposes of the petition would be served if the trustees were instructed to advise the County of Nassau, through its counsel, of any step which seemed to affect the public interest directly. I also said that with respect to such matters I saw no objection to the County of Nassau appearing as amicus. This all seemed quite satisfactory to the petitioner, and, accordingly, I denied the petition without prejudice to renewal.

Petitioners Nassau-Suffolk Commuters Committee, Inc. (and Babylon Commuters Asssociation), and the State Committee of the American Labor Party insisted, however, upon being made parties to the record generally. If their petitions were granted, it would be necessary that every paper be served upon them. Nor would it be possible, as a matter of fairness and equity, to deny similar petitions by other political parties, chambers of commerce, and commuters committees in existence now or hereafter created.

■ Bankruptcy General Order No. 37, 11 U.S.C.A. following section 53, makes applicable to these proceedings Federal Rules of Civil Procedure, rule 24, 28 U.S.C.A. Under that rule it is clear that nei-ther a commuters' committee nor a chamber of commerce, nor a political party has any right to intervene here. It seems to me also that it is a patent absurdity to suppose that the proceeding can be conducted in an orderly way if I adopt the definition of "interest" which these groups are attempting to use. Cf. In re Denver & R. G. W. R. Co., D.C.Colo.1936, 13 F.Supp. 821, 823. It is true, as pointed out by counsel for the Nassau-Suffolk Commuters Committee Inc. that ultimately in the New York, New Haven & Hartford case the State of Massachusetts was a party to the record, In re New York, New Haven & Hartford R. Co., 2 Cir. 1945, 147 F.2d 40; certiorari denied, sub. nom. Commonwealth of Massachusetts et al. v. New York, New Haven & Hartford Railroad Company and Chapin et al. Executive Committee for Institutional Group v. New York, New Haven & Hartford Railroad Company et al., 325 U.S. 884, 65 S.Ct. 1577, 1578, 89 L.Ed. 1999. But, I do not feel that this furnishes any precedent to support the intervention of voluntary organizations, however helpful and public spirited they may be. As a matter of discretion, I deny the petitions of the Nassau-Suffolk Commuters Committee, Inc. (and Babylon Commuters Association), and the State Committee of the American Labor Party.

■ As for the petitions of the Chamber of Commerce of the Rockaways and of the City of Glen Cove, I indicated on the argument that the trustees could put these groups on notice of any proposal to alter or suspend service which might affect them or the area in which they function. Counsel for the petitioning city admitted on the argument that it would not be feasible to make every town and hamlet in Long Island a party to the record. Obviously the same thing is true of every chamber of commerce and commuters' group. I will not, therefore, instruct the trustees to give personal notice to such political sub-divisions and such voluntary groups. But I shall instruct the trustees, upon ratification, that when a matter directly affecting the public interest of any portion of Long Island arises, either in this court, in the Public Service Commission, or in the Interstate Commerce Commission, that they are to notify the County Attorney of Suffolk, the County Attorney of Nassau, and

the Corporation Counsel of the City of New York. The various voluntary organizations in each county, as well as the cities and towns, can then submit whatever proposals they have to their own county authorities who, after all, are charged by law and by the electorate with the protection of the interests of the public. The petition of the Chamber of Commerce of the Rockaways and of the City of Glen Cove is, accordingly, denied.

The debtor has presented a motion to limit the requirement of notice to those who have appeared as a matter of right (namely, creditors and trustees) to subjects which have a direct relationship to their particular interests, and to dispense with notice to them in other matters. I grant this application and have signed the order.

I would appreciate it if the attorney for the debtor would submit orders in conformity with this memorandum so far as it deals with the applications of the County of Nassau, the City of Glen Cove, the Chamber of Commerce of the Rockaways, the Nassau-Suffolk Commuters Committee, Inc. (and Babylon Commuters Association), and the State Committee of the American Labor Party.