### NEISWONGER v. GOODYEAR TIRE & RUBBER CO. et al.

District Court, N. D. Ohio, E. D. February 22, 1929.

No. 15560.

762

Bair & Roach, of Alliance, Ohio, for plaintiff.

Baker, Hostetler & Sidlo, of Cleveland, Ohio, for defendants.

WEST, District Judge. ▮ It is difficult to say whether the petition intends to aver that the airship was making an interstate or intrastate flight when the accident happened. If interstate, the court feels that the petition sufficiently states plaintiff's claim as one arising under the laws of the United States, to give this court jurisdiction. He makes other claims of negligence; but one element in his case is alleged violation of that section of the Air Commerce Act of 1926 which forbids the navigation of aircraft contrary to the air traffic rules established by the Secretary of Commerce. Sections 173 and 181, tit. 49, U. S. C. (49 USCA §§ 173, 181). I am of opinion that plaintiff is in the class of persons intended to be within the benefits of the 500-foot altitude rule, and that his right to recover damages for its violation, though not expressed, is implied. Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 39, 36 S. Ct. 482, 60 L. Ed. 874.

In their briefs, counsel for defendants cite the headnote in Western Union Telegraph Co. v. Railroad Co., 178 U. S. 239, 20 S. Ct. 867, 44 L. Ed. 1052. But in McGoon v. Railway Co. (D. C.) 204 F. 998, 1001, it is pointed out that cases which use the expressions so relied on do not assert a right created by the federal law; and Judge Amidon states the affirmative rule thus: "Whenever federal law grants a right of property or of action, and a suit is brought to enforce that right, such a suit arises under the law creating the right, within the meaning of statutes defining the jurisdiction of federal courts." Earnhart v. Switzler (C. C. A.) 179 F. 832, also cited, is not in point, as it involved no right created by federal law. Isaac Kubie Co. v. Lehigh Valley R. R. Co. (D. C.) 261 F. 806, was a case that had been removed for diversity of citizenship and because arising under federal laws regulating commerce. It was decided on a question of venue. The court held that the fact that the case involved violations of regulations of the Interstate Commerce Commission did not make the jurisdiction of the federal courts *exclusive*. In the case at bar, the question is as to the existence and not the exclusiveness of this court's jurisdiction.

▮ If the defendants, or either of them, were

engaged in an intrastate flight when the plaintiff was injured, the application of the air traffic rule does not necessarily follow. The Air Commerce Act was passed under the power of Congress to regulate interstate and foreign commerce. If the circumstances and conditions under which air commerce is carried on are such that it is necessary for the altitude rule to apply to and regulate intrastate flights in order to protect interstate movements, then it will so apply, the same as to an interstate flight. Railroad Commission of Wis. v. Ry. Co., 257 U. S. 563, 42 S. Ct. 232, 66 L. Ed. 371, 22 A. L. R. 1086; New York v. U. S., 257 U. S. 591, 42 S. Ct. 239, 66 L. Ed. 385; Texas & Pacific Ry. Co. v. Rigsby, supra; Zollman's Law of the Air, § 58.

It was evidently the thought of Congress that navigation of the air would be generally if not entirely subject to the federal act. This is shown by the text of the law and by the omission of any expression confining its operation to interstate commerce; also by the statement of the managers when they returned a conference report on the bill, as follows: "In order to protect and prevent undue burdens upon interstate and foreign air commerce the air traffic rules are to apply whether the aircraft is engaged in commercial or noncommercial or in foreign, interstate or intrastate navigation in the United States, and whether or not the aircraft is registered or is navigating in a civil airway." Congressional Rec. May 13, 1926, p. 9390.

A great many air traffic rules have been established. See Information Bulletin No. 7, Department of Commerce. They relate to the meeting and passing of aircraft, their overtaking or approaching one another, transportation of explosives, dropping objects, taking off and landing, lights and signals to be carried, and other similar matters, as well as to altitudes of flight. It is apparent that all or nearly all of these rules must be applied to both intrastate and interstate craft in order to secure the safety of the latter, and that with respect to these matters the federal regulations must be paramount. Conflicting state rules could not be allowed. This is not, however, so evident with respect to the 500-foot altitude rule involved here. It is a little difficult to see in what respect interstate aircraft navigating at or above the prescribed elevation can be endangered or interfered with by intrastate craft moving in a lower plane. However dangerous this may be to the intrastate craft and to persons and property on the ground, the danger to interstate craft is not apparent.

It may be that plaintiff will not be able to prove that any necessity exists for applying the federal altitude rule to intrastate movements. That would constitute a failure of proof so far as this ground of negligence goes, provided, of course, this was an intrastate flight.

But, in my opinion, whether the flight was interstate or intrastate, the petition, which sets up the altitude rule and states that it was negligently violated by the defendants, to plaintiff's damage, sufficiently states a case under the federal law which should not be dismissed for lack of jurisdiction. The claim appears to be genuine, and is not so unreasonable that it can be regarded as fictitious. See Columbus Ry. Power & Light Co. v. Columbus, 249 U. S. 399, 39 S. Ct. 349, 63 L. Ed. 669, 6 A. L. R. 1648; Nashville, C. & St. L. Ry. v. Taylor (C. C.) 86 F. 168, 178.

Defendants' demurrers will be overruled, and they may have their exceptions.