**ROOSEVELT FIELD, Inc. et al. v. TOWN OF NORTH HEMPSTEAD et al.**

Clv. No. 9707.

United States District Court
E. D. New York.
May 18, 1949.

Edwards, Froehlich & McDonough, Mineola, N. Y. (Francis B. Froehlich, Mineola, N. Y., of counsel), for Commissioners of Carle Place Water Dist., for the motion.

James G. Moore, Garden City, N. Y., for plaintiff, in opposition.

KENNEDY, District Judge.

This is a motion by all of the defendants, except the Town of North Hempstead, to dismiss the action on the ground that it fails to state a claim, and on the further ground that the court lacks jurisdiction in that there is no federal question involved and diversity does not appear on the face of the complaint and in fact does not exist. In the alternative the defendants move to strike from the complaint paragraphs designated 4, 12, 20 and 21 on the ground that the paragraphs are immaterial, impertinent, sham and scandalous.

## The Motion to Dismiss

The action is brought by Roosevelt Field, Inc., on behalf of itself and 11 other corporations. The complaint alleges the respective capacities of the plaintiff and the defendants (the Town of North Hempstead and the Commissioners of Carle Place Water District). Plaintiff Roosevelt Field, Inc., hereafter referred to as Roosevelt, is engaged in operating an airport consisting of 250 acres of land in the County of Nassau, together with numerous buildings where it furnishes shelter, servicing and repair for aircraft. The land is used by plaintiff as a landing area for the landing and take-off of aircraft and for receiving and discharging passengers and cargo. The landing area is located in two civil airways of the United States, and for many years has been, and still is, an air navigation facility in these airways. The landing area consists of six runways for the ascent and descent of aircraft. The airport (under various names) has been used without interruption for about 40 years.

On June 24, 1948, the defendant Carle Place Water District and its commissioners became vested with title to a plot of land on Mineola Avenue approximately 200 feet west of Carle Road. It is alleged in the complaint that that defendants threaten to erect on that plot a tank for the storage of 500,000 gallons of water of the height of about 162 feet above the level of the plot and that the plot is less than 3,000 feet from the northern boundary of Roosevelt Field and lies directly on line with runways 4 and 22, and in the approach, turning and maneuver zones of each of the other runways. It is claimed that the tank will constitute an aeronautic hazard and violates and will violate the regulations for the protection of air navigation established by the Civil Aeronautics Administration of the United States and the Civil Aeronautics Board of the United States. It is further alleged that the tank will project into the upper air above the minimum safe altitude for aircraft ascending and descending from and upon runways 4 and 22, and for aircraft turning and maneuvering for ascent and descent upon each of the other runways. It is averred that the tank will constitute a public nuisance and that the usefullness of the landing area as a civil airway facility will be impaired and the business of plaintiff and of the related parties greatly reduced.

The action is brought under the Commerce Clause, 28 U.S.C.A. § 1337, and United States Air Commerce Act of 1926, 49 U.S.C.A. § 171 et seq. and section 671.

The landing area is rated as a Class 2 Airport by the Civil Aeronautics Administration. To qualify for such rating it is required by the Administration that the approaches to said landing area shall be clear of obstructions within a glide path of 30 feet horizontally to every foot vertically from the end of the usable area of the landing area. The erection of the tank will disqualify the landing area as Class 2 Airport, and cause a revocation of such Class 2 rating.

It is also urged that for the past 40 years planes taking off from the airfield have flown across the land of the water district at a height of 70 feet and that the plaintiff and the related parties are without adequate remedy at law.

The prayer for relief is as follows: (1) that it be adjudged that the said tank is an aeronautical hazard; (2) that it be adjudged that the said tank is a public nuisance; (3) that the defendants be permanently enjoined from constructing and maintaining the tank; (4) that it be adjudged that Roosevelt have an easement by prescription over and upon the land in question; (5) that it be adjudged that by virtue of the user, the said plot of land by implied contract is servient to intra and interstate air commerce at a height of and above 70 feet thereover; (6) that plaintiff have the cost and disbursements of the action.

### The Motion to Strike

In support of the motion to strike, there is an affidavit attached to the moving papers. Paragraph 12 of the complaint sets forth that for the past 40 years aircraft have regularly and continually flown across and over a plot of land upon which the water tower is to be erected at a height of approximately 70 feet. It is pointed out that the allegation is demonstrably false, particularly in view of the history of aviation, concerning which this court can take judicial notice.

Paragraph 4 of the complaint, also attached, deals with the alleged jurisdiction of this court. The affidavit states that "an examination of these sections will show there are no pertinent provisions therein set forth pertaining to the subject matter involved in this particular litigation". If this paragraph be stricken, the complaint must fall.

Paragraph 20 of the complaint, also sought to be stricken, alleges that on or about July 1948 the water district applied to the Civil Aeronautics Administration for approval of the erection of the tank, and that approval was denied, the said tank being held to be a definite hazard. The affidavit points out that there is no law under which that administration has power to prevent the erection of this particular tower, and, therefore, the allegation is palpably false. Attached to the affidavit is a copy of a letter which was received by Sidney B. Bowne, engineer for the District, wherein it is stated that the administration "does not have the authority to prevent this construction". The letter further requests the commissioners in the District to reconsider recommendations previously made to them by the administration.[1]

In plaintiff's brief it is pointed out that the Administrator of Civil Aeronautics has prescribed that a structure situated less than 3,001 feet from the nearest boundary of an airport, if it exceeds 70 feet in height above the level of the airport, may be a hazard to navigation, and has directed that notice of such proposed construction should be

---

[1] Whether the mere failure of Congress to specify the remedies available to the government in the case where a structure is erected after permission has been refused, operates as a denial to the government of any remedy at all is a question which it is presently unnecessary to decide. I suspect that where Congress has expressed a public policy, as it has done, that sovereignty and control of navigable air space are matters of federal concern, mere failure to specify the remedies available to the government would not have very great significance. Cf. the language of Mr. Justice Black, writing in Bell v. Hood, 1946, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939; "Moreover, where federally protected rights have been invaded, it has been the rule from the beginning that court will be alert to adjust their remedies so as to grant the necessary relief (citing cases)".

given on form A C A 117, in triplicate. It is said that the water district filled out such a form and refers to a photostatic copy of the application. The brief urges that the complaint further alleges that such approval was denied, the structure being held to be a definite hazard in violation of the regulations established by the administrator.

Paragraph 21 of the complaint (also involved in the motion to strike) alleges that the defendant failed to record with the County Clerk of Nassau County the certified copy of their final order to erect a water tank, as required by section 195 of the Town Law of the State of New York, McK.Consol.Laws, c. 62. Under this allegation, says the plaintiff, it will show that the proceedings, looking toward the erection of the water tank, were jurisdictionally defective. Defendant urges that a final order was secured, and that the only relevance of this material is in connection with the existence of a remedy under the law of New York State to review the determination of the commissioners and the Town Board.

### The Sufficiency of the Complaint

■ It seems to me that the sufficiency of the complaint depends purely upon whether or not the controversy presents a federal question. All other considerations put forward by the defendant in its attack on the complaint clearly involve the resolution of questions of fact which, on a motion of this kind, are not a fit subject of inquiry. For example, the moving defendants press the point that, having legally acquired the land, their ownership extends to the zenith, and, therefore, the plaintiff has no remedy against the erection of the tower. But certainly United States v. Causby, 1945, 328 U.S. 256, 260, 66 S.Ct. 1062, 90 L.Ed. 1206, shows that the doctrine of ownership *ad coelum* is outmoded. The plaintiff, so it says, has acquired an easement over the property subsequently purchased by the moving defendants. Whether it has acquired such an easement or not and whether, if not, the action proposed to be taken by the moving defendants is nevertheless subject to restraint by a court of equity, are questions which, it seems to me, present mixed questions of law and fact not appropriate for decision here.

The real point of the defendants' attack upon the complaint is that no federal statute specifically confers upon the plaintiff or others similarly situated the right to maintain suit by reason of claimed violations of federal regulations concerning airways. If this argument means that the mere existence of the regulations is not sufficient to create an implied right on the part of the plaintiff to protect itself against unreasonable interruption in its long continued service in the carriage of goods and passengers by air, then I believe it springs from an erroneous notion of the scope and operation of the Commerce Clause, 28 U.S. C.A. § 1337. It is undeniable in principle that the airways form a vital part of the system of airborne commerce. It is moreover undeniable that, as a matter of public policy, the federal government has, by express declaration, assumed control of the air space, 49 U.S.C.A. § 176(a), and has provided that navigable air space shall be subject to the public right of freedom of interstate navigation. 49 U.S.C.A. § 180.[2]

■ It seems to me clear, therefore, that a private corporation in the situation of the plaintiff raises a federal question (and is entitled to raise that question) when it asserts that the defendants' conduct interferes with air navigation and specifically with the operations which the plaintiff itself has conducted and is conducting. It is not necessary that a federal statute in terms confer a right of suit upon persons intended to be benefited, Texas & Pacific R. R. v. Rigsby, 1916, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874. And in at least one later case it has been held that rights similar to those here asserted by the plaintiff may be created even by federal regulations, which do not specifically erect rights or impose liabilities, Neiswonger v. Goodyear Tire & Rubber Co., 1929, D.C.N.D.Ohio, 35 F.2d 761. The case seems to be one where it becomes necessary for the district court to assume jurisdiction to determine whether the federal right has been in effect invaded, cf.

---

[2] Undoubtedly this is also the law of the State of New York, General Business Law, McK.Consol.Laws, c. 20, § 240 et seq., General Municipal Law, McK.Consol. Laws, c. 24, § 350 et seq.

Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939.

The motion to dismiss the complaint, is accordingly, denied.

### The Motion to Strike

[6] Little space need be given to the motion to strike. As the outline of facts given above indicates, every paragraph of the complaint under attack contains material which is at least relevant to the controversy. None of the averments can be said to be scandalous or prejudicial to the moving defendants. Indeed, the motion in part seems to be grounded upon the obvously wrong idea that the court should determine that certain allegations are "palpably false". Certainly it is going pretty far to ask that an allegation be stricken on this ground, at least unless the contradiction of matters of record is involved.

It is urged by the defendants that paragraph 21 of the complaint is contradicted by a record of the Town Board, of which I must take judicial notice. But I see no harm in letting the allegation stand and leaving it open to the trial judge to make a finding after he has seen the documents and heard the proof.

The motion to strike the allegations of paragraphs 4, 12, 20 and 21 is, accordingly, denied.