## LAUGHLIN v. RIDDLE AVIATION CO.

### No. 14269.

United States Court of Appeals
Fifth Circuit.

July 24, 1953.

John H. Gunn, Miami, Fla., Rosemond & Gunn, Miami, Fla., for appellant.

Robert M. Brake, Dante B. Fascell and Dave Hendrick, Jr., Coral Gables, Fla., Turner, Hendrick & Fascell, Coral Gables, Fla., for appellee.

Before BORAH, RUSSELL, and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Appellant, a licensed airplane pilot, was employed in that capacity by appellee from

December 27, 1948 to December 19, 1949. He instituted this suit below to recover the difference between the wages actually received by him under his contract of employment, and the higher rates prescribed by decision No. 83 of the National Labor Relations Board, dated May 10, 1934, adopted by the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 481(*l*) (2).[1]

The suit was dismissed below because the district judge was of the opinion that since the statute upon which plaintiff relies makes no express provision for an action of this nature, plaintiff's right must fail for lack of a remedy.

██ In prescribing the rates of compensation to be paid to and received by pilots, Congress did not intend to create a mere illusory right, which would fail for lack of means to enforce it. The fact that the statute does not expressly provide a remedy is not fatal. As long ago as Marbury v. Madison, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60, it was said: " * * * it is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit, or action at law, whenever that right is invaded." And in Peck v. Jenness, 7 How. 612, 48 U.S. 612, 12 L.Ed. 841, it was recognized that "A legal right without a remedy would be an anomaly in the law." In De Lima v. Bidwell, 182 U.S. 1, 21 S.Ct. 743, 745, 45 L.Ed. 1041, it was said: "If there be an admitted wrong, the courts will look far to supply an adequate remedy."

██ And again in T. & P. Ry. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 484, 60 L.Ed. 874, where the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., under which plaintiff there sued, contained no express provision conferring a right of action, the court said: "A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied". The implications and intendments of a statute are as effective as the express provisions. See also Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189, decided under the Securities Act of 1933, 15 U.S.C.A. § 77a et seq.; Neiswonger v. Goodyear Tire & Rubber Co., D.C., 35 F.2d 761; Roosevelt Field v. Town of North Hempstead, D.C., 84 F.Supp. 456. In Florida, see Girard Trust Co. v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786; Cassady v. Sholtz, 124 F. 718, 169 So. 487, headnote 5; Compare Amos v. Mathews, 99 Fla. 1, 65, 115, 126 So. 308, headnote 4. This principle is as applicable to actions to enforce a statutory right as to any other form of action.

Whether or not appellant's employment falls within the above mentioned Labor Board decision, or whether appellee has been exempted from that decision by authority of 49 U.S.C.A. § 496(b) (2), are questions which depend upon the evidence. We leave those questions open, but appellant is not foreclosed for lack of a remedy.

██ Nor is appellant necessarily precluded by the fact that he may have agreed to work for less than the rate prescribed by the Board. Contracts in derogation of statutes such as this are usually held unenforceable. Handler v. Thrasher, 10 Cir., 191 F. 2d 120; Johnson v. Dierks, 8 Cir., 130 F. 2d 115; Mortenson v. Western Light Co., D. C., 42 F.Supp. 319; Wilkinson v. Noland, D.C., 40 F.Supp. 1009, all decided under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The judgment of dismissal is reversed, and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

[1] "(2) Every air carrier shall maintain rates of compensation for all of its pilots and copilots who are engaged in overseas or foreign air transportation or air transportation wholly within a Territory or possession of the United States, the minimum of which shall be not less, upon an annual basis, than the compensation required to be paid under said decision 83 (of the National Labor Relations Board, dated May 10, 1934) for comparable service to pilots and copilots engaged in interstate air transportation within the continental United States (not including Alaska)."