Charles DITTMAR and Cornelius Beyens, Plaintiffs,

v.

LUCKENBACH STEAMSHIP COMPANY, Inc., Atlantic Ship Rigging Corp., and The City of New York, Defendants.

Civ. A. No. 17465.

United States District Court
E. D. New York.

Oct. 14, 1957.

---

Alfred S. Julien, New York City, for plaintiffs.

Berman & Frost, New York City, for defendant Luckenbach Steamship Co., Inc.

Lawless & Lynch, New York City, for defendant Atlantic Ship Rigging Corp.

Peter Campbell Brown, Corporation Counsel of City of New York, New York City, for defendant City of New York.

RAYFIEL, District Judge.

This action was commenced in the Supreme Court, Kings County for the recovery of damages for personal injuries which the plaintiffs sustained as a result of the explosion and fire which occurred on the pier at the foot of 35th Street, Brooklyn, on December 3, 1956. The defendant Luckenbach Steamship Company, Inc., hereinafter called Luckenbach, is a foreign corporation, organized and existing under the laws of the State of Delaware; the defendant Atlantic Ship Rigging Corp., hereinafter referred to as Atlantic, is a domestic corporation, organized and existing under the laws of the State of New York; and the defendant the City of New York is a domestic municipal corporation.

The summons and complaint were served on Luckenbach on January 29, 1957, and by stipulations thereafter made its time to answer or otherwise move with respect thereto was extended to April 5, 1957. On March 29, 1957, Luckenbach filed its petition under Section 1441 of Title 28 United States Code, to remove the action to this Court, basing its right to such removal on the fact (1) that the complaint charges it with

acts or omissions which constitute a separate claim in an amount exceeding $3,000 involving a "federal question", of which this Court has original jurisdiction under Section 1331 of Title 28, U.S.Code, and, hence, this action comes within the purview of Section 1441(c) of said Title, and (2) that the plaintiffs Dittmar and Beyens are residents of New Jersey and New York, respectively, and by reason of the diversity of citizenship of the parties herein this Court has original jurisdiction of the case under Section 1332 of Title 28.

The plaintiffs moved to remand the action on the ground that same is not removable to this Court as to the defendants Atlantic and the City of New York. Thereafter, Luckenbach moved for an order granting it leave to file an amended petition for removal wherein, in addition to the grounds urged in the first petition, it contends that this Court has original jurisdiction of the action under Section 1337 of Title 28, supra, by reason of the fact that the complaint charges Luckenbach with the violation of certain acts of Congress regulating commerce, and regulations promulgated thereunder.

In sum, then, Luckenbach claims this Court's jurisdiction derives from any one or all of Sections 1331, 1332 and 1337 of Title 28 United States Code. I disagree, for reasons which follow.

▇▇▇ Jurisdiction under Section 1331 depends on the existence of two factors: (a) a controversy involving a sum in excess of $3,000, which (b) arises under the constitution, laws or treaties of the United States. While I am satisfied that the first requirement has been met, I am equally satisfied that the second has not. A reading of the complaint fails to support Luckenbach's claim that a "federal question" is involved. It is well settled that the complaint in an action arising under a federal statute must specifically disclose the statute involved. There is no reference to any federal statute in the instant complaint. Luckenbach apparently bases its claim to the existence of a "federal question" on the fact that the sixteenth paragraph of the

complaint includes, among some eight allegedly negligent acts of commission or omission on the part of the defendants, the claim that they caused or condoned practices which violated "the Rules, Ordinances, Regulations and Statutes in such cases made and provided by the Federal, State and Municipal Governments for the proper operation, maintenance and control of an activity of the type herein engaged in by these parties at the location aforesaid". (Emphasis added.) That is, indeed, a tenuous and wholly inadequate basis for the claim that a "federal question" exists here. The quotation from paragraph "sixteenth" of the complaint states merely another respect in which the defendants are alleged to have been negligent. In the case of Isaac Kubie Co. v. Lehigh Valley R. R. Co., D.C., 261 F. 806, the plaintiff sued to recover damages for the loss by fire, occasioned by defendant's negligence, of a quantity of raw sugar. One of the claims of negligence was based on the defendant's failure to comply with regulations of the Interstate Commerce Commission, prescribed for the handling and storing of explosives. The action was commenced in the Supreme Court of New Jersey, and was removed to the District Court on the ground, among others, that it was an action arising under the laws of the United States regulating commerce. A motion was made by the plaintiff to remand the case to the state court and Judge Rellstab, in granting the same, said "The fact that the charge of negligence embraces, inter alia, a failure to comply with some of the Interstate Commerce Commission's regulations prescribed for the handling and storing of explosives, does not make the controversy one arising under the laws of the United States, so as to give a federal court exclusive jurisdiction thereof."

So far as the same may be applicable thereto, the reasons here given respecting Section 1331 apply also to Luckenbach's claim that this Court has jurisdiction of the instant case under Section 1337, supra.

Section 1332 provides, in pertinent part, that this Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000, and is between citizens of different states. I have already stated that the requirement as to jurisdictional amount has been met. There remains, then, the question of diversity of citizenship, which must be determined in the light of Section 1441 of Title 28 U.S. Code. Subdivision (a) thereof provides generally for the removal of an action from a state court to a district court of the United States of which the latter has original jurisdiction. Subdivision (b) provides for such removal, without regard to citizenship or residence, of an action of which the district court has jurisdiction, which is founded on a claim or right arising under the constitution, treaties or laws of the United States. It provides, further, that "Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*". (Emphasis added.) I have already stated that no federal statute is involved herein, and it is conceded that Atlantic and the City of New York are citizens of the State of New York. Luckenbach's contention that the plaintiffs' claims against it are separate from and independent of their claims against Atlantic and the City of New York, and that accordingly this Court may, pursuant to the authority granted by subdivision (c) of Section 1441, retain jurisdiction of the action, is without merit. See American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. The complaint charges all three defendants with negligence, as joint tortfeasors.

I have given consideration to the point respecting Section 1337, supra, raised by Luckenbach in its proposed amended petition for removal.

For the foregoing reasons the motion to remand this action to the Supreme Court, Kings County, is granted.