Alma C. MOZINGO, Administratrix of the Estate of Henry D. Mozingo, Jr., deceased, and Mayo E. Collier, Administrator of the Estate of Henry D. Mozingo, Jr., deceased, Plaintiffs,

v.

CONSOLIDATED CONSTRUCTION COMPANY, Inc., a corporation, and Clyde L. Collier and Hazel Dixon Collier, Co-executors of the Estate of James N. Collier, deceased, Defendants.

Civ. A. No. 2717.

United States District Court
E. D. Virginia,
Norfolk Division.

March 10, 1959.

Maurice Steingold (Steingold, Steingold & Chovitz) Norfolk, Va., for plaintiffs.

Edw. L. Ryan, Jr., (White, Ryan & Reynolds) Norfolk, Va., for defendants.

WALTER E. HOFFMAN, District Judge.

On May 15, 1957, Henry D. Mozingo, Jr., was a passenger in a private aircraft owned by the defendant, Consolidated Construction Company, Inc., and allegedly operated by James N. Collier as agent for said corporation. Due to the alleged negligent operation of said air-

craft by Collier in specifically violating sundry laws, rules, regulations, and minimum standards as prescribed by the Air Commerce Act of 1926, 49 U.S.C.A. § 171 et seq., and the Civil Aeronautics Act, 49 U.S.C.A. § 401 et seq., the airplane crashed and sank in Hatteras Inlet, North Carolina, which is a navigable channel. Both occupants of the aircraft were killed.

The plaintiff, Alma C. Mozingo, qualified as Administratrix of the Estate of Henry D. Mozingo, Jr., in the Circuit Court of Princess Anne County, Virginia. The defendants, Clyde L. Collier and Hazel Dixon Collier, qualified as personal representatives of the Estate of James N. Collier in the same court.

The plaintiff, Mayo E. Collier, qualified as Administrator of the Estate of Henry D. Mozingo, Jr., in the Superior Court for Dare County, North Carolina. In his individual and fiduciary capacity, Mayo E. Collier is a citizen and resident of the State of North Carolina.

While contending that Mayo E. Collier, Administrator, is the proper party plaintiff, and that therefore diversity of citizenship exists, plaintiffs urge that even if Mayo E. Collier, the North Carolina administrator, is prohibited by law from bringing this action under the North Carolina death by wrongful act statute[1], jurisdiction properly lies in this court to entertain the action by the Virginia administrator against the Virginia defendants under the "case arising" concept of 28 U.S.C. §§ 1331, 1337.

We have for consideration a motion to dismiss for lack of jurisdiction. Technically, jurisdiction may exist as to the claim alleged by the North Carolina plaintiff, but treating defendants' motion as one for summary judgment under Rule 56, F.R.Civ.P., 28 U.S.C., the action must be dismissed.

■ There is no difficulty in disposing of the action as instituted by the North Carolina administrator[2]. In Holt v. Middlebrook, 4 Cir., 214 F.2d 187, 52 A.L.R.2d 1043, and Grady v. Irvine, 4 Cir., 254 F.2d 224, it was held that a non-resident personal representative who was not qualified in Virginia under § 26–59, Code of Virginia, 1950, could not maintain an action in a federal district court sitting in Virginia, under the wrongful death act of that state. While the instant case does not involve Virginia's wrongful death act, § 26–59 precludes any "act" by a foreign personal representative. Under the law of North Carolina (Gen.Stat. § 28–173) the personal representative is the only party having the right to sue. This effectively disposes of the right of Mayo E. Collier, Administrator, to maintain his action; all of which is disclosed from the face of the amended complaint. Even if the plaintiffs were co-administrators qualified in Virginia, there would be no right to maintain the action under any theory of diversity of citizenship.

The remaining question is not so readily determined. Eliminating the foreign personal representative, we have no diversity, but plaintiff contends (1) that the alleged violations of the stated federal statutes make it a "case arising" under the laws of the United States[3], and (2) that the federal supremacy over the air is analogous to federal supremacy over navigable waters so that the case might be said to "arise" under the Constitution of the United States, Article I, § 8, cl. 3 (Commerce Clause).

■ In the recent case of Romero v. International Terminal Operating Co., 79 S.Ct. 468, 499, the Supreme Court discussed at length the jurisdictional questions under 28 U.S.C. § 1331, as the same applies to maritime matters instituted on the law side of the federal court. In attempting to analyze the majority and minority opinions, consisting of 61 pages, this court concludes that, in effect, the majority decided that "an ac-

---

1. General Statutes of North Carolina, §§ 28–172, 28–173, 28–174, 28–149.

2. It should be noted that the two plaintiffs have not qualified as co-administrators, but are acting separately.

3. 28 U.S.C. §§ 1331, 1337.

tion rooted in federal law can be brought on the law side of a federal court only if the diversity jurisdiction * * * can be invoked" as applied to maritime actions.

■ Applying this reasoning to the present complaint, plaintiff's case must fail. Even the dissent in Romero states:

"It is, finally, true that this Court has adhered to a policy of construing jurisdictional statutes narrowly. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248; Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951. In regard to the grant of federal-question jurisdiction to the District Courts, this Court has insisted that a claim created under federal law be a necessary part of the plaintiff's case, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, and that this claim be truly federal in nature, Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70."

Aside from Romero, the greater weight of authority supports the view as advanced by defendants. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Moore v. Chesapeake & O. Ry. Co., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755; Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 206 F.2d 153, affirmed per curiam, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067; Andersen v. Bingham & G. Ry. Co., 10 Cir., 169 F.2d 328, 14 A.L.R.2d 987; Turner v. Wilson Line of Mass., Inc., 1 Cir., 242 F.2d 414; Boncek v. Pennsylvania R. Co., D.C.N.J., 105 F.Supp. 700; Isaac Kubie Co. v. Lehigh Valley R. Co., D.C., 261 F. 806; Bullock v. United States, D.C.N.J., 72 F. Supp. 445; Gilvary v. Cuyahoga Valley Ry. Co., 292 U.S. 57, 54 S.Ct. 573, 78 L. Ed. 1123.

The minority view is expressed in Neiswonger v. Goodyear Tire & Rubber Co., D.C.Ohio, 35 F.2d 761; and, to a limited extent, in Fitzgerald v. Pan American World Airways, 2 Cir., 229 F. 2d 499; Roosevelt Field, Inc. v. Town of North Hempstead, D.C.E.D.N.Y., 84 F.Supp. 456; D.C., 88 F.Supp. 177, 181; Laughlin v. Riddle Aviation Co., 5 Cir., 205 F.2d 948; Reitmeister v. Reitmeister, 2 Cir., 162 F.2d 691, 694; Odell v. Humble Oil & Refining Co., 10 Cir., 201 F.2d 123; Kardon v. National Gypsum Co., D.C., 69 F.Supp. 512; Restatement, Torts, Vol. 2, § 286; Note, 42 Va.L.Rev. 1115, 1133–1137.

■ The case under consideration is further complicated by the fact that it is a death action under the laws of North Carolina. No such right of action existed at common law, and none now exists under federal law. The federal nature of the right to be established is decisive—not the source of the authority to establish it. People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903; Gully v. First National Bank, supra. Jacobson v. New York, N. H. & H. R. Co., supra, was an action for wrongful death involving a passenger on one of defendant's trains; the plaintiff asserting federal jurisdiction under the "case arising" doctrine because of an alleged violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. While Jacobson was decided on other grounds, the court suggested that the Safety Appliance Act had not provided for a wrongful death action, and that, therefore, the action would have to be sustained upon the appropriate Massachusetts statute. In a later case from the First Circuit, Turner v. Wilson Line of Mass., Inc., supra [242 F.2d 418], plaintiff's decedent was killed while engaged in salvage operations in the harbor of Boston. An action at law was instituted and the court held that, since neither the Jones Act, 46 U.S.C.A. § 688 nor Death on the High Seas Act, 46 U.S. C.A. § 761 et seq. was maintainable, the "right to recover and the scope of the remedy" presented a case arising under the laws of Massachusetts. In Turner, the court distinguishes the language of Judge Magruder in Doucette v. Vincent, 1 Cir., 194 F.2d 834, and Jansson v. Swedish American Line, 1 Cir., 185 F.

2d 212, 216–218, 30 A.L.R.2d 1385, which latter decisions were rejected in Romero.

While United States v. Causby, 328 U. S. 256, 66 S.Ct. 1062, 1065, 90 L.Ed. 1206, does refer to the "exclusive national sovereignty in the air space over this country", the questions there presented did not touch upon a "case arising" under § 1331 or § 1337. It was a direct action against the United States.

Holding that no jurisdiction exists to entertain the action instituted by the Virginia personal representative, and that a motion for summary judgment must be sustained as to the action brought by the North Carolina personal representative, the action will be dismissed.

Present order.