**Juanita Allison DENNIS**

v.

**SOUTHEASTERN AVIATION, INC.,**
**d/b/a Southeast Airlines.**

**Civ. A. No. 1382.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Aug. 10, 1959.

Cox, Epps, Powell & Weller, Johnson City, Tenn., for plaintiff.

Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., West & Fuller, Kingsport, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This is a suit for damages for wrongful death by the widow (a citizen and resident of Tennessee) of a passenger of defendant (a Tennessee corporation) who was killed in an accident involving one of its aircraft. It was instituted in the Law Court at Johnson City, Tennessee. The declaration contained four Counts:

(1) A common law count for negligence, (2) a statutory count for negligence for violation of the Tennessee statutes covering the operation of aircraft,[1] (3) a statutory count for negligence based upon the violation of rules and reg-

1. T.C.A. § 42–101 et seq.

ulations promulgated under the Civil Aeronautics Act of 1938 (federal),[2] and (4) a count based upon the gross negligence of the defendant.

The defendant filed a petition for removal of the cause to the Federal Court on the ground that defendant was operating under the rules and regulations of the Civil Aeronautics Board and Federal Aviation Agency and was negligent in violating said rules and regulations.

The matter is now before the Court on plaintiff's petition to remand to the Law Court at Johnson City. Plaintiff asserts that the claim arises under the laws of the State of Tennessee and not under the laws of the United States.

In support of its motion to remand plaintiff cited the case of Boncek v. Pennsylvania R. Co., D.C.N.J., 105 F.Supp. 700 to the effect that where one of the charges of negligence embraced a failure to comply with federal regulations, but no recovery was sought under the terms of the federal statute or regulations, defendants were not entitled to removal without regard to the citizenship or residence of the parties. The Court made the point that the action for negligence had its genesis in the law of the state and that the allegation of negligence under the federal law simply tendered an issue of fact whether the train was operated without the brakes being in operative condition; and that the declaration set forth no right which would be supported if the Act be given one construction or effect and defeated if given another.

That seems to be precisely the situation in this case. No question appears as to the interpretation of the rules, the only question being one of fact whether they were violated. As Mr. Justice Cardoza said in Gully v. First Nat. Bank, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70, "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. * * * 'The federal nature of the right to be established is decisive—not the source of

the authority to establish it.'" See cases collected in 12 A.L.R.2d 39.

The Court of Appeals for the tenth Circuit had the same problem before it in Andersen v. Bingham & G. Ry. Co., 169 F.2d 328, 330, 14 A.L.R.2d 987. The action was to recover damages for the death of a brakeman. The right of recovery was based on negligence for failure to comply with the Safety Appliance Act, 45 U.S.C.A. § 1. The case began in a State court of Utah, was removed to the Federal Court and a petition to remand was denied. The Court of Appeals reversed with directions to remand. The Court said:

"The allegations in the complaint charging as an element of negligence failure on the part of the defendant to comply with the exactions of the Safety Appliance Act merely tendered the issue of fact whether the train was operated without brakes being in operative condition as required by the Act. The complaint did not present any issue or controversy in respect to the validity, construction, or effect of the Act. It did not set forth any right or immunity which would be supported if the Act be given one construction or effect and defeated if given another. While the pertinent provisions of the Act lurked in the background as creating a duty the breach of which constituted negligence, the right of action available and the incidents of such right of action sprang from the law of Utah. It did not arise under the laws of the United States. * *. Therefore, the cause was not removable."

See, also, Dittmar v. Luckenbach Steamship Co., D.C.N.Y., 156 F.Supp. 48, 49 wherein the Court said, in granting the motion to remand, that the charge that certain Federal Statutes and Regulations had been violated merely recited another aspect in which defendant had been negligent. See, Shulthis v. McDougal,

2. 49 U.S.C.A. § 1301 et seq.

225 U.S. 561, 570, 32 S.Ct. 704, 56 L.Ed. 1205.

The cases cited by defendant in opposition to the motion to remand were not cases in which the removal statute was involved. Each of them, including the early case of Neiswonger v. Goodyear Tire & Rubber Co., D.C.Ohio, 35 F.2d 761, (which stated a broad jurisdiction in the Federal courts for aircraft cases but which has not been widely accepted) were cases in which the action was initially brought in the Federal court and in which its jurisdiction was questioned. In the Neiswonger case, the Court stated at page 762, "In the case at bar, the question is as to the existence and not the exclusiveness of this court's jurisdiction." They are not authority upon the scope of the removal statute, once a case is initiated in the State court. In the case of Roosevelt Field v. Town of North Hempstead, D.C.N.Y., 84 F.Supp. 456, the matter at issue was whether, since no federal statute had specifically conferred a right to bring suit for violation of a federal regulation concerning airways, there was an implied right to bring suit in the federal court. The ruling, that there was, has no bearing on the right to remand where the plaintiff originally chose to bring his suit in the State court. The same problem was involved in Fitzgerald v. Pan American World Airways, 2 Cir., 229 F.2d 499, wherein the Court pointed out that the right created by the federal statute covered the same ground as the right under the common law of the states. All the case holds is that such a right is one "arising under" a law of the United States so that the District Court does have jurisdiction.

■ Bearing in mind that the allegation as to violation of the federal regulation simply tendered another issue of negligence, and involved no question of the validity or interpretation of the regulation, and bearing in mind further that all doubts should be resolved in favor of remand, Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 38 F.2d 209, 212; Siler v. Morgan Motor Co., D.C.Ky., 15 F.Supp. 468, 472; Western Union Tel. Co. v. Louisville & N. R. Co., D.C.E.D.Tenn., 201 F. 932, 945, the Court is of the opinion that remand should be granted.