Aniette Kennedy MOODY, Plaintiff,

v.

Mrs. T. H. McDANIEL, Administratrix of the Estate of T. H. McDaniel, Deceased, Defendant.

Mildred Tuma OSTROWSKI, Plaintiff,

v.

Mrs. T. H. McDANIEL, Administratrix of the Estate of T. H. McDaniel, Deceased, Defendant.

Nos. E-C-53, E-C-54.

United States District Court
N. D. Mississippi, E. D.

Dec. 12, 1960.

Burch, Porter, Johnson & Brown, Memphis, Tenn., for plaintiff.

Dudley R. Carr and W. P. Mitchell, Tupelo, Miss., for defendant.

CLAYTON, District Judge.

These two cases, consolidated for disposition of the issue now before the court, present, at this time, one common decisive question. Plaintiffs are residents of the State of Mississippi and each one is a widow who sues for the alleged wrongful death of her deceased husband. The suits are against the personal representative of the Estate of T. H. McDaniel, and the defendant is also a resident of the State of Mississippi. Each of the complaints allege that the actions arise under the Act of August 23, 1958, 72 Stat. 775–780, 49 U.S.C.A. §§ 1421–1430, and that plaintiff's intestate was killed in this state while riding as an invited guest in an aircraft owned and operated by T. H. McDaniel. Three different approaches to liability are alleged. They are 1) that McDaniel oper-

ated the aircraft in violation of the Federal Aviation Act and lawful regulations issued thereunder, thus negligently causing the fatal crash, 2) that McDaniel negligently allowed the aircraft to exceed its designed speed, operated the controls in a dangerous and abrupt manner and flew the aircraft into an area of violent turbulence, and 3) that the aircraft disintegrated in the air while under the control of McDaniel and death was caused solely by negligence of McDaniel, thus invoking the doctrine of res ipsa loquitur. Simply stated, plaintiffs claim that these are "cases arising" under § 1331, § 1337, Title 28 U.S.C. Against both of these complaints, defendant filed motions to dismiss which squarely question the jurisdiction of this court to hear these cases. The defendant's claim is that since there is no diversity of citizenship between plaintiffs and defendant, and the plane crash and deaths sued on occurred in the State of Mississippi, that there is no right of action under the provisions of the Act of August 23, 1958, 72 Stat. 775–780, 49 U.S.C.A. §§ 1421–1430, or other laws of the United States, but solely under the provisions of the laws of the State of Mississippi. Plaintiffs concede that there is no express statutory provision which confers jurisdiction on this court. Thus, the narrow question presented is does this court have jurisdiction by implication?

■ 1) No action for wrongful death existed at common law. Such actions as now exist in the several states are created by state statutes, which are largely variations of Lord Campbell's Act, by which suit for wrongful death was first authorized in England. 25 C.J.S. Death § 14. Suits for wrongful death are authorized by statute in Mississippi.[1] The Congress, by express statutory provision, has authorized such an action under certain carefully defined situations. For example, Death on the High Seas Act, 46 U.S.C.A. §§ 761–767; Federal Employers Liability Act, 45 U.S.C.A. § 51. But, as is conceded, the Congress has not

expressly done so under the circumstances presented here. Having spoken to create a right to sue for wrongful death in the inferior courts of the Federal judicial system, under certain prescribed conditions, or in certain limited situations, the presumption is that they did not intend that such a right would exist for the claims advanced by the plaintiffs here. 82 C.J.S. Statutes § 333. Persuasive of this view is the following language from Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 1953, 206 F.2d 153, 156, affirmed 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067:

"When Congress in the Safety Appliance Acts imposed only penal sanctions for the observance of statutory safeguards enacted broadly for the protection of railway employees, passengers, and even travelers at crossings, and in a related act (the Employers' Liability Acts) created a private right of action only in employees engaged in interstate commerce, as defined, fairly obviously it cannot be maintained as a matter of statutory interpretation that Congress has also created a statutory right of action in favor of intrastate railway employees, or passengers, or travelers at crossings, injured as a result of violation by the railroad of the Safety Appliance Acts. 'Where there is only a criminal penalty, and no mention of any civil remedy, many courts have read into the statute a supposed or "presumed" intent to provide one. *In the ordinary case this is pure fiction, since the obvious conclusion is that the legislature either did not have the civil action in mind at all, or deliberately omitted to provide for it.*' Prosser on Torts (1941) 265. This was squarely recognized in Gilvary v. Cuyahoga Valley Ry. Co., 1934, 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123. Furthermore, the Court there commented, 292 U.S. at page 61, 54 S.Ct. at page 575, that if Congress had had the purpose of

1. Miss.Code Ann. § 1453 (1942).

creating a right of action in favor of persons not covered by the Employers' Liability Acts, *'Congress probably would have included provisions in respect of venue, jurisdiction of courts, limitations, measure of damages, and beneficiaries in case of death.'"* (Emphasis added.)

■ 2) Plaintiffs place great reliance on Laughlin v. Riddle Aviation Company, 5 Cir., 1953, 205 F.2d 948, 949. This was a suit predicated on a federal statute which prescribed a particular rate of compensation for pilots and co-pilots of air carriers engaged in foreign air transportation. The essence of the holding was that the Civil Aeronautics Act adopted a decision of the National Labor Relations Board and thereby actually expressly *created a right* and that although no remedy was specifically created the court would not let a legal *right* arise without a remedy and the suit was allowed on that basis. A short quotation from the opinion in that case will suffice to demonstrate the correctness of this statement:

"* * * In prescribing the rates of compensation to be paid to and received by pilots, Congress did not intend to create a mere illusory *right*, which would fail for lack of means to enforce it. * * *" (Emphasis added.)

There an actual right in plaintiff was expressly created under the laws of the United States, but in the present cases there is no right to recover for death created expressly either by act of Congress or regulations promulgated thereunder. More persuasive on the point is the case of Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, which was a suit by the State Tax Collector of the State of Mississippi for taxes authorized by state law and permitted by federal statute against a national bank, originally filed in the state courts of Mississippi, removed to United States District Court where a motion to remand was denied and the case was tried on its merits and dismissed. This action of the District Court was affirmed by the Court of Appeals (5 Cir., 81 F. 2d 502), but reversed by the Supreme Court. Mr. Justice Cardozo speaking for that court, inter alia, said:

"* * * To bring a case within the statute, a *right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.* (Citing cases.) The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * (Emphasis added.)

* * * * *

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. The tax here in controversy, if valid as a tax at all, was imposed under the authority of a statute of Mississippi. The federal law did not attempt to impose it or to confer upon the tax collector authority to sue for it. * * *"

Here, the law and regulations relied on by the plaintiffs are not an essential element of their cases, and *they do not create a right.* They create, at most, standards by which the conduct of McDaniel may be measured or judged.

3) Other cases cited by plaintiffs are Neiswonger v. Goodyear Tire & Rubber Company, D.C.Ohio 1929, 35 F.2d 761; Roosevelt Field v. Town of North Hempstead, D.C.N.Y.1949, 84 F.Supp. 456; Fitzgerald v. Pan American World Airways, 2 Cir., 1956, 229 F.2d 499; Kardon v. National Gypsum Company, D.C.E.D. Pa.1946, 69 F.Supp. 512, and Texas & Pacific Railway Co. v. Rigsby [2], 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874. All of these cases are distinguishable, as is also the Laughlin case, supra, from the

2. This case was removed to the federal district court on the ground that the defendant was a federal corporation. See Moore v. Chesapeake & Ohio Ry.

Co.—footnote—291 U.S. 215, 54 S.Ct. 406, 78 L.Ed. 755. Hence, it could not be persuasive on the point here.

cases now before this court on at least one significant point. None of them are for wrongful death, but all of them are for the enforcement of rights claimed individually by a living or corporate plaintiff and none of the rights asserted seem to be in derogation of the common law. It is readily apparent that the question of who owned the claim or to whom the proceeds of the suit, if any, would belong did not arise in any of these cases. It is also as readily apparent that the ownership of the claims for the deaths involved in the cases here is a basic question which must be determined before ultimate disposition of these suits. That question cannot be answered by the statute law and regulations relied on by plaintiffs. This ownership is clearly and firmly fixed by the Mississippi wrongful death statute.[1]

4) Only one federal case directly in point has been cited by counsel or found by this court. That is the case of Mozingo v. Consolidated Construction Company, D.C.E.D.Va.1959, 171 F.Supp. 396, 397. That case, on its facts, is identical to the cases here. There was no diversity of citizenship between the parties and the complaint alleged negligent operation of an aircraft as the cause of death, with the negligence being predicated on violations of federal law and regulations prescribed pursuant thereto. That court held that this was not a "case arising" under the Constitution or laws of the United States and thus, that the court was without jurisdiction. Among other things, Judge HOFFMAN said:

" * * * Eliminating the foreign personal representative, we have no diversity, but plaintiff contends (1) that the alleged violations of the stated federal statutes make it a 'case arising' under the laws of the United States, and (2) that the federal supremacy over the air is analogous to federal supremacy over navigable waters so that the case might be said to 'arise' under the Constitution of the United States,

Article I, § 8, cl. 3 (Commerce Clause).

"In the recent case of Romero v. International Terminal Operating Co., [358 U.S. 354,] 79 S.Ct. 468, 499, [3 L.Ed.2d 368,] the Supreme Court discussed at length the jurisdictional questions under 28 U.S.C. § 1331, as the same applies to maritime matters instituted on the law side of the federal court. In attempting to analyze the majority and minority opinions, consisting of 61 pages, this court concludes that, in effect, the majority decided that 'an action rooted in federal law can be brought on the law side of a federal court only if the diversity jurisdiction * * * can be invoked' as applied to maritime actions.

"Applying this reasoning to the present complaint, plaintiff's case must fail. Even the dissent in Romero states:

" 'It is, finally, true that this Court has adhered to a policy of construing jurisdictional statutes narrowly. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248; Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951. In regard to the grant of federal-question *jurisdiction* to the District Courts, this Court has insisted that a claim created under federal law be a necessary part of the plaintiff's case, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, and that this claim be truly federal in nature, Gully v. First National Bank, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70.'

"Aside from Romero, the greater weight of authority supports the view as advanced by defendants. (Citing cases)."

\* \* \* \* \* \*

"The case under consideration is further complicated by the fact that it is a death action under the laws of North Carolina. No such right of

---

1. Miss.Code Ann. § 1453 (1942).

action existed at common law, and none now exists under federal law. The federal nature of the right to be established is decisive—not the source of the authority to establish it. People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903; Gully v. First National Bank, supra. * * * "

5) Persuasively consistent with Mozingo are the cases of Fernandez v. Linea Aeropostal Venezolana, D.C.S.D.N.Y. 1957, 156 F.Supp. 94, 99, and Winsor v. United Airlines, D.C.Del.1958, 159 F. Supp. 856. In Fernandez, in dealing with that part of the case which is pertinent here, the Court said:

"The fourth cause of action alleges that the acts of the respondent violated the provisions of the Civil Aeronautics Act of 1938, 49 U.S.C.A. § 401 et seq., and the rules, regulations, orders and directives promulgated by the Civil Aeronautics Board and the Civil Aeronautics Authority, and that these violations were the proximate cause of the death of the decedent. The act, and the rules, regulations, orders, and directives promulgated thereunder, might establish a standard of care which will be applicable in a proper action brought to recover damages for wrongful death, *but neither the act nor the regulations create an action for wrongful death*. An action for wrongful death does not exist at common law and is purely a creature of statute. The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. The wrongful death statutes differ widely in their provisions as to jurisdiction, venue, persons who may sue, damages recoverable, time for instituting the action, etc. The Civil Aeronautics Act of 1938 *did not create a new and independent action for wrongful death* and the cause of action set forth in the libel, to the extent that it exists at all, is not transformed into a separate cause of action by the allegation that the respondent violated the Civil Aeronautics Act of 1938. The fourth cause of action is dismissed." (Emphasis added.)

Winsor was considered by the Court on a motion to remand to state court where the action was originally filed by plaintiff as the personal representative of the estate of a person who died while she was a passenger on a Delaware airline in the State of Colorado. Plaintiff's decedent was a citizen of Newfoundland. In passing on the motion to remand, which raised the question of the jurisdiction of the Federal Court, the Court in substance held that the wrongful death statute of Colorado created the cause of action and that, although it might be necessary, in the course of the trial, to construe the Warsaw Convention, a treaty to which the United States is a party, that the necessity for such construction did not bring this matter within the purview of § 1441(b), Title 28 U.S.C. Thus, jurisdiction was denied and the motion to remand was sustained.

6) To make a different approach to the question: Could plaintiffs pursue their stated claims in this court in the absence of a wrongful death statute in the State of Mississippi? Neither the statutes nor the regulations relied on by plaintiffs expressly create such a cause of action nor name the beneficiaries thereof, nor prescribe how, if at all, contributory negligence, comparative negligence, assumption of risk, measure of damages, limit of recovery or any other yardstick are to be applied on trial. Nor do these statutes or regulations fix any period of limitation within which suit must be filed. Thus, it is obvious that any trial court, under these circumstances, that attempted to proceed as if the cause were a "case arising" under the Constitution or laws of the United States would be hopelessly lost in a no man's land of undeveloped law. It seems impossible, then, that these claims could be maintained upon any basis other than the wrongful death statute of Mississippi.[1] For that to be done here, diversity

---

1. Miss.Code Ann. § 1453 (1942).

of citizenship between the parties must exist.

7) Since these complaints do not present cases created by or arising under the Constitution or laws of the United States, the fact that federal law and regulations promulgated thereunder are plead by plaintiffs, and that it may be necessary to construe and apply those laws and regulations in the course of disposing of these cases on their merits, does not confer jurisdiction on this court to try these cases. However, questions arising in state court relating to the scope or construction of the applicable federal statutes and regulations thereunder are, of course, federal questions which may appropriately be reviewed by the Supreme Court on certiorari. Jacobson v. New York, N. H. & H. R. Co., 206 F.2d 153, at page 157; Moore v. Chesapeake & Ohio Ry. Co., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755. See 66 Harv.L. Rev. 1499 (1953).

The motions to dismiss these complaints for want of jurisdiction are sustained and orders in accordance herewith may be presented.